### REDGRAVE v. SINGER et al.

(Circuit Court, S. D. New York. November 11, 1902.)

1. PATENTS—INVENTION—BAGATELLE BOARDS.

The Redgrave patent, No. 603,738, for a bagatelle board, is void for lack of patentable novelty.

In Equity. Suit for infringement of letters patent No. 603,738, for a bagatelle board, granted to Montague Redgrave May 10, 1898. On final hearing.

The following is the opinion of the examiners in chief:

The claims appealed are: "(1) In a bagatelle board, having a shooting trough provided with countersunk end, top plates having, in said countersunk top plate, a longitudinal slot, in combination with a spring-impelled block and a detachable handle, extending outwardly from said block through the slot, arranged to move reciprocatingly therein, said handle extending to the horizontal plane of the top plate, as and for the purpose intended, substantially as described. (2) In a bagatelle board, having a side shooting trough, the combination with a top plate, having a longitudinal inverted curve adjusted at one end of the trough, connected at its opposite side to

ledge, b, and a strip, a, said trough provided at its countersunk portion with a longitudinal slot, of a spiral spring, located in said trough, to actuate a movable block, i, and adjustable handle, the shank of which, extending through said slot, is connected to block, i, the upper end of said handle extending to the upper plane of the slotted plate, as and for the purpose intended, substantially as described." The references are patents to Redgrave, May 30, 1871, No. 115,357; Davies, December 24, 1872, No. 134,262; Steele, November 7, 1876, No. 184,184.

The specification states that the device of the appealed claims is an improvement on that of the United States patent granted to this applicant, which has been cited against the claims. By the expiration of that patent its device has become the property of the public. The change of the old device consists in transferring the handle for drawing back the spring-impelled block from the end of the shooting block and from a slot in the end of the shooting trough to the top of the shooting block and to a slot in the top of the shooting trough, and in countersinking it in that top. The function of the handle in its new place and that of the entire device after the change of place of the handle are unchanged. There are some advantages which are incident to the use of the handle in the new place, such as its increased strength because of its shortness, the power being applied nearer to the block; and the countersinking of the handle protects it from blows, and enables closer packing of several boards together for transport. These are all advantages resulting solely from rearrangement, without any change or advantage in the functions of the apparatus for its purpose. Mere location of an old element of an old device in one or another position in the device, without change of function, has long been held to be entirely within the province of the skilled workman, and we see no reason why this change is a new invention. This new position of the operating handle, relatively to block or bolt to be drawn back and its countersunk position, appear in the references, whose entire construction has been particularly used by this appellant.

There being in this change no new function imparted to the device, and no new idea of place or of construction to utilize that place for the handle, we fail to see that the claims contain anything inventive beyond what is in appellant's expired patent. The decision of the examiners is affirmed.

W. H. Babcock, for complainant.
Herbert Knight, for defendants.

WALLACE, Circuit Judge. I am of the opinion that the improvement specified in the claim of the complainant's patent (No. 603,738, granted to Montague Redgrave May 10, 1898, for an improvement in bagatelle boards) is destitute of patentable novelty, and consequently that the claim is invalid. The reasons for this conclusion are so satisfactorily set forth in the decision of the examiners in chief of the patent office, of December 14, 1893, rejecting the application for the patent, in which I fully concur, that an independent discussion would serve no useful purpose.

The bill is dismissed, with costs.